# Court of Appeals
# of the State of Georgia

ATLANTA, October 19, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0152.  ROCHELLE LAGAIL HODGE v. THE STATE.**

In the above-styled case, Rochelle Lagail Hodge appeals from the trial court's order entered on June 13, 2022 revoking her probation and ordering her to serve the balance of her sentence in confinement ("Probation Revocation Order"). The Appellee, the State of Georgia, has filed a motion to supplement the record with materials that it alleges show that the general conditions of Hodge's probation were previously made special conditions of probation and that Hodges had notice of the same.  Specifically, the State seeks to supplement the record with (1) the prior Order of Modification/Revocation of Probation signed by the trial court on September 16, 2019 ("Modification Order"), and (2) the transcript of the hearing related to that order held on September 19, 2019 ("Hearing Transcript"). In its motion, the State represents that the Modification Order was filed with the trial court on October 1, 2019 and that the Hearing Transcript was filed with the trial court on November 4, 2019. However, in her briefing before this Court, Hodges disputes what materials were part of the record on file in the trial court when that court entered its Probation Revocation Order at issue in this appeal.

Questions regarding the correctness and proper inclusion of materials in the record must be resolved in the trial court under OCGA § 5-6-41 (f).  Accordingly, the State's motion to supplement the record is hereby DENIED, and the case is REMANDED to the Superior Court of Liberty County to conduct a hearing, pursuant to OCGA § 5-6-41 (f), to resolve whether the Modification Order and Hearing

1

Transcript were part of the record on file in the trial court when that court entered its Probation Revocation Order, and to correct or supplement the record as necessary "so as to make the record conform to the truth." Id. Upon resolution of these issues by the trial court, the record may be transmitted back to this Court for re-docketing.[1] Once the case is re-docketed, briefing by the parties should proceed in accordance with Court of Appeals Rule 23.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/19/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
 *, Clerk.*

---

[1] The record transmitted to this Court following remand also should include the "Revocation Packet" introduced into evidence as State's Exhibit 1 at the probation revocation hearing conducted on October 12, 2021. That exhibit was not included in the record originally transmitted to this Court.